UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
**ROBERT SUMMERSGILL,**            )
                                   )
      **Plaintiff,**        )
                                   )
      v.                    )    Civil Action No. 13-cv-10279
                                   )
**E.I. DUPONT DE NEMOURS & CO., et al.,** )
                                   )
      **Defendants.**       )
_____)

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                     March 18, 2014

### I.    Introduction

Plaintiff Robert Summersgill ("Plaintiff"), named personal representative of the estate of Jean Summersgill, has brought suit against Defendants E.I. Dupont de Nemours & Company ("Dupont") and Aetna Life Insurance Co. ("Aetna") alleging: violations of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a) (Count I); attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1) (Count II); breach of fiduciary duty (Count III); breach of contract (Count IV); misrepresentation (Count V); and unfair and deceptive acts, pursuant to Mass. Gen. L. c. 93A and 176D (Count VI). D. 1. The Defendants have moved to dismiss Counts III through VI on the grounds that ERISA preempts the state law claims. D. 12, D. 17. Aetna has also moved to dismiss the ERISA claims brought against it. D. 17 at 2, n.1. For the reasons discussed below, Dupont's motion to dismiss, D. 12, is ALLOWED, and Aetna's motion to dismiss, D. 17, is ALLOWED IN PART.

1

## II. Factual Background and Procedural History

The facts summarized here are as alleged by the Plaintiff.

Jean Summersgill ("Mrs. Summersgill") was designated as a beneficiary in her husband's health insurance plan ("the Plan"), offered by Dupont, her husband's employer. D. 1 ¶¶ 10–12. Mrs. Summersgill elected Christian Science care for her health needs. Id. ¶ 13.

From June 2008 through March 2010, Aetna, the administrator of the Plan, id. ¶ 7, paid monthly bills for Mrs. Summersgill's care at a Christian Science residential facility. Id. ¶¶ 13–19. Starting April 1, 2010, Aetna began denying all of Mrs. Summersgill's claims on the basis that her "clinical status . . . and services . . . [did] not meet criteria" for inpatient skilled nursing care and thus, were not covered by the Plan. Id. ¶¶ 21, 26.

Plaintiff initiated this suit on February 14, 2013, after Mrs. Summersgill's death, alleging that the Defendants unlawfully denied ERISA benefits under an ERISA welfare benefit plan. D. 1. Dupont moved to dismiss the state law claims, Counts III through VI, on April 17, 2013. D. 12. On April 22, 2013, Aetna moved to dismiss all the claims against it, joining Dupont's motion in regard to the dismissal of Counts III through VI. D. 17. After a hearing, the Court took the matter under advisement. D. 37.

## III. Standard of Review

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court accepts "the truth of all well-pleaded facts and draw[s] all reasonable inferences therefrom in the pleader's favor." Grajales v. P.R. Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012). In deciding the motion to dismiss, the Court may consider allegations set forth in the complaint, as well as any documents attached to the complaint or "expressly incorporated therein." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

**IV. Discussion**

Both Defendants argue that ERISA preempts the Plaintiff's state law claims and that therefore, such claims should be dismissed. The Court addresses each state law claim.

**A. ERISA Preempts the Plaintiff's State Law Claims**

ERISA "preempts 'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . .'" Zipperer v. Raytheon Co., Inc., 493 F.3d 50, 53 (1st Cir. 2007) (quoting 29 U.S.C. § 1144(a)). "A law 'relates to' an employee benefit plan 'if it has a connection with or reference to such a plan.'" Zipperer, 493 F.3d at 53 (quoting Ingersoll–Rand Co. v. McClendon, 498 U.S. 133 (1990)). The Court may consider a state law claim related to a benefit plan "even if the law is not specifically designed to affect such plans, or the effect is only indirect." Zipperer, 493 F.3d at 53 (concluding that plaintiff's "claims for negligence, equitable estoppel and negligent misrepresentation are preempted by ERISA") (citation and quotations omitted).

"The Supreme Court has identified two instances where a state cause of action relates to an employee benefit plan: where the cause of action requires 'the court's inquiry [to] be directed to the plan,' or where it conflicts directly with ERISA." Otero Carrasquillo v. Pharmacia Corp., 466 F.3d 13, 20 (1st Cir. 2006) (quoting Ingersoll-Rand Co., 498 U.S. at 140–42 (1990)). "[A] state law cause of action is expressly preempted by ERISA where a plaintiff, in order to prevail, must prove the existence of, or specific terms of, an ERISA plan." McMahon v. Digital Equip. Corp., 162 F.3d 28, 38 (1st Cir. 1998). Accordingly, "ERISA will be found to preempt state-law claims if the trier of fact necessarily would be required to consult the ERISA plan to resolve the plaintiff's claims." Harris v. Harvard Pilgrim Health Care, Inc., 208 F.3d 274, 281 (1st Cir. 2000); see Carlo v. Reed Rolled Thread Die Co., 49 F.3d 790–95 (1st Cir. 1995) (affirming

preemption of a complaint because analyzing the claims would "ultimately depend on an analysis" of the benefits plan," to which the claims were "inseparably connected").

### 1. Breach of Contract

First, the Court concludes that a trier of fact would be required to refer to the Plan to determine whether the Defendants breached it. See Turner v. Fallon Cmty. Health Plan, Inc., 127 F.3d 196, 199 (1st Cir. 1997) ("It would be difficult to think of a state law that 'relates' more closely to an employee benefit plan than one that affords remedies for the breach of obligations under that plan"). While Plaintiff argues that the breach of contract claim is "based on misrepresentations made in connection with" the Plan, D. 22 at 17, neither Plaintiff's complaint nor the opposition to the instant motions provide a basis for asserting that any contract existed other than the Plan or that the breach of contract claim alleged could be resolved without reference to the terms and conditions of the Plan. See Michelson v. Digital Fin. Servs., 167 F.3d 715, 720 (1st Cir. 1999) (elements of a breach of contract are a valid and binding agreement, breach and damages). Therefore, the Court ALLOWS the motion to dismiss the breach of contract claim (Count IV).

### 2. Misrepresentation

Plaintiff also argues that the misrepresentation claim is not preempted because the basis of the claim "arises from the circumstances of Mrs. Summersgill's enrollment in the plan, including the misrepresentations that led to such enrollment" and not "from the terms of the Plan or its administration." D. 22 at 9–10. Plaintiff has pleaded that "[w]here the Defendants held out the Plan as providing benefits for Christian Science care and Christian Science facilities, the Defendants misrepresented the Plan and its benefits to Mrs. Summersgill and her family." D. 1 ¶ 67. The Court agrees with the Defendants, however, that Plaintiff "cannot remove his case from

ERISA's coverage because here the Administrator's decision concerning its interpretation of the Plan's coverage, and the Plan itself, must be examined to resolve the controversy." D. 27 at 5.

Plaintiff directs the Court to several cases from this district allowing negligent misrepresentation claims to proceed on the basis that the defendants made misrepresentations during the plaintiffs' procurement of the benefits plans. D. 22 at 10 (listing cases). To the extent those cases stand for the proposition that a plaintiff may bring a misrepresentation claim against an employer and plan administrator,[1] the Court finds that the First Circuit's more recent decision in Zipperer, 493 F.3d at 54, requires a different conclusion, given the facts of the instant case. In affirming the district court's denial of the plaintiff's state law claims, including a negligent misrepresentation claim, on preemption grounds, the Zipperer court relied on previous First Circuit decisions holding that when misrepresentation claims "ultimately depend on an analysis" of the ERISA plan, the claims are preempted, even if the basis of the claims stems from a defendant's misrepresentation of the terms of the benefits plan. Id. (citing Carlo, 49 F.3d at 794 (affirming preemption of a misrepresentation claim brought against the employer on the basis that he accepted an early retirement offer that was based on inaccurate information provided by the employer).

For negligent misrepresentation,[2] Plaintiff must prove that the Defendants:

---

[1] The Defendants argue that the cases cited by Plaintiff are distinguishable on a number of grounds. For instance, they argue that the two of the cited decisions turned on the fact an insurance agent made misrepresentations during the sale of the benefits plans, in one case even before the plan existed. D. 27 at 6–7. The Court need not reach these arguments in light of its finding that in this case, Plaintiff's misrepresentation claim necessarily requires a factfinder's interpretation of the Plan.

[2] The complaint does not specify whether Plaintiff is pursuing a negligent misrepresentation or a fraudulent misrepresentation claim. See D. 1 at 11. "To recover for fraudulent misrepresentation, a plaintiff must allege and prove that the defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon

> (1) in the course of [their] business, (2) supplied false information for the guidance of others (3) in their business transactions, (4) causing and resulting in pecuniary loss to those others (5) by their justifiable reliance on the information, and that [they] (6) failed to exercise reasonable care or competence in obtaining or communicating the information.

Braunstein v. McCabe, 571 F.3d 108, 126 (1st Cir. 2009) (quoting Gossels v. Fleet Nat'l Bank, 453 Mass. 366, 902 (2009)) (internal quotation marks omitted). Here, Plaintiff alleges that "Mrs. Summersgill's selection of the Plan . . . was premised on its provision of benefits for Christian Science care and Christian Science facilities . . . Where the Defendants held out the Plan as providing benefits for Christian Science care and Christian Science facilities, the Defendants misrepresented the Plan and its benefits to Mrs. Summersgill and her family." D. 1 ¶¶ 66–67. Therefore, the "false information" upon which Mrs. Summersgill relied was that the Plan provided benefits for Christian Science care. A trier of fact would necessarily be required to interpret the terms of the Plan to decide whether Plaintiff is correct that the Defendants provided Mrs. Summersgill false information in representing that the Plan covered Christian Science care. In light of the First Circuit's clear mandate that "ERISA will be found to preempt state-law claims if the trier of fact necessarily would be required to consult the ERISA plan to resolve the plaintiff's claims," Harris, 208 F.3d at 281, the Court finds that Plaintiff's misrepresentation claim is preempted.

### 3. Unfair or Deceptive Acts

The Court must also dismiss Plaintiff's c. 93A and c. 176D claims for the same reasons. Plaintiff contends that the basis of these statutory claims is the "Defendants' misrepresentations that the Plan provided [Christian Science] care," as well as the underlying bases for Plaintiffs'

---

it to her damage." Masingill v. EMC Corp., 449 Mass. 532, 540 (2007) (citation and quotations omitted). Plaintiff has not clearly pled that the Defendants knowingly misrepresented the terms of the Plan and, therefore, the Court will analyze Plaintiff's claim under the standard for negligent misrepresentation.

other claims. D. 22 at 14. As discussed above, evaluation of any of these claims would require a factfinder to "consult the ERISA plan to resolve the plaintiff's claims," Harris, 208 F.3d at 281, and such claims are therefore preempted and cannot form the basis of a claim for unfair or deceptive acts or practices. See Tuohig v. Principal Ins. Grp., 134 F. Supp. 2d 148, 154 (D. Mass. 2001) (finding that because the plaintiff's claim was c. 93A claim was "closely related to the denial of benefits under the plan, it is preempted under ERISA").

For these reasons, the Court ALLOWS the motions to dismiss the misrepresentation claim (Count V) and the c. 93A and c. 176D claim (Count VI).

### 4. *Breach of Fiduciary Duty*

Plaintiff has also alleged that the Defendants breached their fiduciary duties by "denying benefits to which Mrs. Summersgill . . . was and is entitled." D. 1 ¶ 59. The Court finds that this claim is also preempted by ERISA. "The fact that one of the allegations in the complaint 'relates to' an employee benefit plan does not necessarily mean . . . that all the allegations in the complaint 'relate to' such plans. To the extent that an alleged breach of fiduciary duty does not relate to an 'employee benefit plan,' it is not necessarily preempted—even if the alleged breach relates to employee benefits." Boston Children's Heart Found., Inc. v. Nadel-Ginard, No. CIV.A.93-12539-REK, 1994 WL 16011252, *3 (D. Mass. Dec. 15, 1994), aff'd sub nom., 73 F.3d 429 (1st Cir. 1996). Still, it is well established that "if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA . . . ." Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004) (citation and quotations omitted). Here, the only basis provided for Plaintiff's breach of fiduciary duty claim

7

is that Mr. Summersgill was denied benefits owed to her under the Plan; Plaintiff does not identify any other independent obligation owed by either Defendant. Therefore, the Court ALLOWS the motion to dismiss the breach of fiduciary duty claim.[3]

### B. The Insurance "Savings Clause" Does Not Apply

Plaintiff also argues that state law claims regulating insurance are exempted from ERISA preemption pursuant to ERISA's "savings clause," 29 U.S.C. § 1144(b)(2)(A). D. 22 at 2. The Court finds that the savings clause does not apply to any of the claims brought in this lawsuit.

Plaintiff correctly asserts that certain state laws regulating insurance are exempted from ERISA preemption if: (1) the law is specifically directed toward entities engaged in insurance; and (2) the law substantially affects risk-pooling. Kentucky Ass'n of Health Plans, Inc. v. Miller, 538 U.S. 329, 341–42 (2003). See also Hotz v. Blue Cross & Blue Shield of Mass., Inc., 292 F.3d 57, 60 (1st Cir. 2002) ("The underlying notion is that a claim or rule directed only to insurance is one that "regulates insurance" while one that regulates insurance along with everything else is not within the quoted phrase"). Plaintiff first argues that Mass. Gen. L. 176O is a Massachusetts law regulating insurance, and is therefore exempted from ERISA preemption. Although Plaintiff argues in his opposition to the instant motions that "Massachusetts laws providing for coverage of religious nonmedical care" are subject to the savings clause, D. 22 at 4–9, as the Defendants note, D. 27 at 4, Plaintiff has neither brought a cause of action under any such laws, see D. 1, nor could he bring causes of action under the cited laws. Mass. Gen. L. c. 176O, § 11 provides:

---

[3] ERISA also provides for a cause of action for breach of fiduciary duty. See 29 U.S.C § 1104. While Plaintiff's complaint does not assert whether the fiduciary duty claim is brought under state law or ERISA, Count III does not cite to or otherwise refer to ERISA and the Court therefore proceeds with a state law breach of fiduciary duty analysis. Cf. D. 14 at 9–10 (Defendants contending that if Plaintiff was asserting breach of fiduciary duty claim under ERISA, that claim also should not survive).

> Nothing in this chapter shall be construed to restrict or limit the rights of health benefit plans to include as providers religious non-medical providers, require such health benefit plans to utilize medically based eligibility standards or criteria in deciding provider status for religious non-medical providers, use medical professionals or criteria to decide insured access to religious non-medical providers, utilize medical professionals or criteria in making decisions in internal appeals from decisions denying or limiting coverage or care by religious non-medical providers, compel an insured to undergo a medical examination or test as a condition of receiving coverage for treatment by a religious non-medical provider, or require such health benefit plans to exclude religious non-medical providers because they do not provide medical or other data otherwise required, if such data is inconsistent with the religious non-medical treatment or nursing care provided by the provider.

Likewise, as Plaintiff cites in his opposition, 211 C.M.R. § 52.12(12) provides:

> Nothing in 211 CMR 52.12 shall be construed to restrict or limit the rights of health benefit plans to include as providers religious non-medical providers or to utilize medically based eligibility standards or criteria in deciding provider status for religious non-medical providers.

Also cited in Plaintiff's opposition, 211 C.M.R. § 52.08(11) provides:

> Nothing in 211 CMR 52.08 shall be construed to require health benefit plans to use medical professionals or criteria to decide insured access to religious non-medical providers, utilize medical professionals or criteria in making decisions in internal appeals from decisions denying or limiting coverage or care by religious non-medical providers, compel an insured to undergo a medical examination or test as a condition of receiving coverage for treatment by a religious non-medical provider, or require health benefit plans to exclude religious non-medical providers because they do not provide medical or other data otherwise required, if such data is inconsistent with the religious non-medical treatment or nursing care provided by the provider.

See D. 22 at 3. These provisions allow health benefit plans to include religious non-medical providers in their benefits plans, but do not, as Plaintiff contends, "regulat[e] the application of medical criteria to [religious non-medical care] in coverage decisions." D. 22 at 4. That is, as the Defendants note, these provisions "merely state that they do not restrict or limit a health benefit plan's right to include religious non-medical care providers—they do not require that a health benefit plan do so." D. 27 at 4. Having said that, even focusing upon the claims that Plaintiff has brought, the savings clause does not save them from preemption. See Hotz v.

9

Blue Cross & Blue Shield of Mass., Inc., 292 F.3d 57, 60–61 (1st Cir. 2002) (finding that ERISA preempted claim for unfair or deceptive acts or practices "despite the saving clause" under ERISA).

It also appears that the savings clause does not apply to exempt state regulation here given the "deemer clause," which provides:

> Neither an employee benefit plan . . . nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer . . . or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies [or] insurance contracts . . . ."

29 U.S.C. § 1144(b)(2)(B). The United States Supreme Court has "read the deemer clause to exempt self-funded ERISA plans from state laws that 'regulate insurance' within the meaning of the saving clause." FMC Corp. v. Holliday, 498 U.S. 52, 61 (1990). There is evidence that the specific Plan at issue here is a self-insured plan, even if only considering the allegations in the complaint and the documents attached and referenced therein. D. 1 ¶ 32 (referencing the Massachusetts Office of Patient Protection's determination that the Plan was self-insured); Summary Plan Description (D. 14-1 at 55) (stating that plan beneficiary and company pay the cost of benefits).[4] While Plaintiff suggested at oral argument that public records submitted by the Defendants show that Dupont's plans are insurance policies, such records show that the only insured plan Dupont offers is its Michigan plan, Form 5500 (D. 27-2 at 4), not the Plan at issue in this case.

For these reasons, the Court finds that the savings clause does not apply in this case.

### C. The Court Denies Aetna's Motion to Dismiss the ERISA Claims

---

[4] Plaintiff has incorporated by reference to his complaint the Summary Plan Description, an excerpt of which the Plaintiff attached to the complaint, D. 1-2; D. 1 ¶ 14, and the authenticity of which the parties do not otherwise disputed. See Watterson, 987 F.2d at 3.

Aetna also argues, albeit in a footnote, that the ERISA claims brought against it should be dismissed because Aetna "is not a fiduciary to the Plan" and rather, "provides administrative services only." D. 17 at 2., n.1. In support of this argument, Aetna directs the Court to the Summary Plan Description, incorporated by reference in the complaint, see D. 1 ¶ 14; D. 1-2, which states that the "Plan Administrator" is Dupont and the "Claims Administrator" is Aetna. D. 14-1 at 54–55. The First Circuit has held:

> ERISA contemplates actions against an employee benefit plan and the plan's fiduciaries. . . . . Courts have determined that when the plan administrator retains discretion to decide disputes, a third party service provider . . . is not a fiduciary of the plan, and thus not amenable to a suit under § 1132(a)(1)(B). . . . Thus, "[t]he proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan.

Terry v. Bayer Corp., 145 F.3d 28, 35–36 (1st Cir. 1998) (citations and quotations omitted). The Court cannot determine at this juncture, however, that Aetna did not "control administration of the Plan." For instance, Plaintiff has submitted in support of the complaint a claims denial from Aetna stating that "Aetna has made a decision about coverage . . . using nationally recognized clinical guidelines and resources . . . as well as Aetna Clinical Policy Bulletins." D. 1-3 at 2. Unlike the summary judgment record under review by the Terry court, the record here does not "amply demonstrate[] that [the employer] and the [appeal committee] retained—by written instrument—the discretion to decide disputed claims." Terry, 145 F.3d at 36. Likewise, the Court cannot find at this juncture that "[t]here is nothing to suggest that [Aetna] was doing anything other than applying the terms of the Plan as written to [Mrs. Summersgill's] particular situation." Therefore, the Court DENIES Aetna's motion to dismiss the ERISA claims, Counts I and II.

## V. Conclusion

For these reasons, the Court ALLOWS the Defendants' motions to dismiss, D. 12, and ALLOWS IN PART Aetna's motion to dismiss, D. 17, to the extent that only the state law claims, Counts III through VI, are dismissed. Accordingly, the Court DISMISSES Counts III through VI of the complaint as to both Defendants, but Counts I and II remain as to both Defendants.

**So Ordered.**  /s/ Denise J. Casper
United States District Judge